**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO. 07 B 17419 |
| MARY S. PATE ) | HON. BRUCE BLACK (Joliet) |
| DEBTORS ) | CHAPTER 13 |

**RESPONSE OF DEBTORS IN SUPPORT OF FILING INSTANT CASE AND DENIAL OF MOTION OF MORTGAGE CLEARING CORPORATION TO WITH 180-DAY BAR TO REFILING**

NOW COMES, the debtor MARY S. PATE and in Response to Mortgage Clearing Corporation's (hereinafter called "MCC") Motion to Dismiss with 180-day Bar to New filing and states as follows:

I. RESPONSE TO ALLEGATIONS IN MOTION TO DISMISS

1. That on September 25, 2007, the above-named Debtor filed the instant case pursuant to 11 USC Section 1301, listing the Movant as a secured creditor by virtue of a first mortgage on the Debtor's residence, commonly known as: 16027 Golfview Drive, Lockport, IL 60441 (Both documents being dated October 6, 1998).

**ANSWER:**

The Debtor admits the allegations contained in paragraph one of the Motion of MCC to Dismiss with 180 day Bar to New filing.

2. That as of September 27, 2007, no plan has been filed.

**ANSWER:**

The Debtor admits the allegations contained in paragraph one of the Motion of MCC to Dismiss with 180 day Bar to New filing.

3. That this is the Debtor's third case filed since 2002.

a) Case number 02-40658 filed October 17, 2002, and confirmed March 12, 2003. Movant was granted relief from the automatic stay on June 27, 2003 and the case was dismissed on the Trustee's motion for material default on June 27, 2003;

        b)     Case number 03-34765 filed August 23, 2003 and confirmed October 23, 2003.  The Trustee filed four (4) separate motions to dismiss for material default, and the case has been dismissed on April 1, 2005, December 9, 2005 and January 12, 2007.  Debtor moved to vacate in each instance.  Movant obtained relief from the automatic stay for default on June 29, 2007.  The case is still ongoing with a fourth pending Trustee's Motion to dismiss, again for material default, with hearing scheduled for October 19, 2007 at 11:00 a.m.

        c)     Notwithstanding the fact that the prior case 03-34765 is ongoing, and in violation of the single estate rule, Debtor filed case number 07-17419 on September 25, 2007, one day prior to Movant's properly-scheduled foreclosure sale.

    **ANSWER:**

    a) The Debtor admits the strictly factual allegations contained in paragraph 3 subsection a.  Debtor denies the remaining allegations contained in paragraph three section a of the Motion to Dismiss with 180 day Bar to New Filing

    b) The Debtor admits the strictly factual allegations contained in paragraph 3 subsection b.  Debtor denies the remaining allegations contained in paragraph three section b of the Motion to Dismiss with 180 day Bar to New Filing

    c) The Debtor admits the strictly factual allegations contained in paragraph 3 subsection c, exept the allegation that debtor's case violates the "Single Estate Rule".  Debtor denies the remaining allegations contained in paragraph three section c. of the Motion to Dismiss with 180 day Bar to New Filing

    4.    That, in violation of the single estate rule, with knowledge that the prior case was dismissed three prior times, with order vacating, and is still ongoing, and with knowledge that Movant scheduled a foreclosure sale for September 26, 2007 following an Order of relief from the automatic stay entered in favor of Movant in case 03-34765, Debtor filed the instant case, and same has been filed in bad faith with the specific intent to thwart conducting the sheriff's sale.

**ANSWER:**

The Debtor admits that the Debtor knew a foreclosure sale had been set for September 26, 2007 following an Order for relief from the automatic stay entered in favor of Movant in case 03-34765.  The debtor denies the remaining allegations contained in paragraph four of the Motion to Dismiss with 180 day Bar to re filing.  See argument below.

5. That cause exists to warrant dismissal of this case with a 180-day bar to re-filing pursuant to 11 USC 109(g) and/or 11 USC 349(a).  The debtor's filing of three Petitions without the ability to successfully reorganize; the Debtor's failure to comply with provisions of the Code in all prior cases, leading to motions by Movant for relief in the two prior cases being sustained and Orders entered; and the fact that the prior case is ongoing despite numerous payment default under each of the prior plans, with disregard for the Bankruptcy Code and Rules, including the single estate rule, demonstrates Debtor's disregard for the Bankruptcy Code, this Court and prior Court Orders, and is an abuse of the bankruptcy process and abusive imposition of the automatic stay.

**ANSWER:**

The Debtor denies each and every allegation contained in paragraph five of the Motion of MCC to Dismiss with 180 day Bar to New Filing. See argument below as well.

II. POSTURE OF CASE

This matter comes before the court on the motion of creditor MCC to Dismiss with 180-day bar to New Filing.  The gist of the Motion to Dismiss is that the present case was filed prior to completion of the Debtor's prior Chapter 13 case (03 B 34765). Debtor states that by 11 U.S.C. §1328 (a), her obligations under the plan in case number 03 B 34765 were fulfilled prior September 24, 2007 when the debtor made the final payment and therefore her case was complete.   The debtor will receive a Chapter 13 Discharge in case number 03 B 34765 within a short period of time.

It is disturbing that MCC has chosen to make allegations and statements of law without citing any terms, citing any case law and without any support whatsoever.

A simple review of the Chapter 13 Trustee's records on September 27, 2007 when this Motion was noticed out would show that this case is paid in full.

A note by a member of the staff of the Chapter 13 Trustee indicates that on September 24, 2007 an audit of 03 B 34765 had been completed and the case was paid in full.  The movant knows the case law cited below which states the case is complete upon completion of payments.  The undersigned counsel and the attorney who signed the Motion for Movant have dealt with this exact issue in other cases.  The movant instead decided to make baseless allegations that the instant filing violates the "single estate rule."  However, movant does not tell this court what this rule is or cite any case law or support for this rule.  The debtor, the debtor's attorney and the court were left to guess what this rule is and what movant is talking about.  Movant alleges its conclusions in paragraph five of its motion that the debtor has failed to comply with provisions of the Code in all prior cases.  What provisions is movant possibly referring to?  The debtor and the attorney have no clue and the court likely has no idea as well.   It also alleged that the debtor demonstrates disregard for the Bankruptcy Code, this court and prior orders.  What order is movant alleging that debtor has violated?  Again the debtor and this attorney have no idea what movant is referring to.

  MCC also complains by implication that the debtor did not file a Chapter 13 Plan or schedules at the time of filing.  Those schedules and Chapter 13 Plan are now filed.  The Federal Rules of Bankruptcy Procedure allow fifteen days from the date of filing to file those documents.  The filing of these documents was well within the times allowed by the Federal Rules of Bankruptcy Procedure.

  MCC holds the only mortgage on Debtor's residence at 16027 Golfview Drive, Lockport, Illinois. As a result of missed payments, Debtor has filed three

Chapter 13 petitions including this case in an attempt to save the residence and to reinstate the mortgage. Subsequent to modification of the automatic stay in 03 B 34765 the Debtors paid off the Chapter 13 Plan which has been received and disbursed by the Chapter 13 Trustee. The payment tendered paid the plan in full.

The instant case was filed on September 25, 2007. This filing occurred after all debts under the chapter 13 plan that remained in the prior case had been paid. It should be noted that the arrears in case number 03 34765 were paid in full prior to modification of the automatic stay. The automatic stay in regards to MCC was not modified until June 29, 2007

The mortgage debt of MCC, was out of the prior bankruptcy before it completed. Stay modification was caused by the Debtor having fewer hours at her employment than was anticipated. The debtor has obtained new employment. The new employment were not increased until the deficit in the current mortgage payment was too large to catch up.

Debtor maintains that the prior case was completed when the final payment was tendered and therefore the instant filing is proper and allowable.

II. Caselaw Analysis

MCC, as a creditor seeking stay relief, "has the initial burden of producing evidence sufficient to establish a prima facie case of entitlement to relief." *Bankruptcy Evidence Manual, West Publishing, 2005 Edition, p. 741.*

See In re Bogdanovich, 292 F.3d 104 (2nd Circ.2002), In re Stockwell, 262 B.R. 275(Bkrtcy.D.Vt.2001), In re Nuclear Imaging Systems, Inc., 260 B.R. 724 (Bkrtcy.E.D.Pa.2000) and others.

Debtor relies on the holding in In re: Pancurak, 316 B.R. 173 (W.D. Penn., 2004) for the proposition that a Chapter 13 debtor is entitled to a discharge and the case is complete upon "fulfillment of Debtor's obligations under the Plan." As in Pancurak, the Debtor in this case had met all the terms of the prior confirmed plan, and the case was complete.

In Pancurak, the debtors had received a tax refund in the 32nd month of their plan, and combined with savings, had funds sufficient to pay off the balance of the plan as confirmed, with an 11% distribution to general unsecured nonpriority creditors (GUCs). The trustee in that case objected, after payment, stating that debtors were required to continue payments for 36 months, or pay 100% to the GUCs before a discharge could be issued.

The court in Pancurak considered that the debtor's plan had been confirmed without objection to the 11% distribution to GUCs, and that the debtor had performed all terms under the plan. The court applied a "best efforts" analysis to the case and concluded that the debtor had met that test. Pancurak, 176.

The Pancurak court also looked at a confirmed plan as a "contract between the debtor and the debtor's creditors." *Id*. The court stated that

"[p]ayments under a confirmed plan are complete when the debtor fulfills all obligations to the creditors under that plan." *Id. Quoting* Bayshore Nat'l bank of Laporte v. Smith, 252 B.R. 107,109 (E.D.Tx.2000) *aff'd* 252 F.3d 1357 (5th Cir.2001).

Under the Pancurak and Bayshore holdings, the debtor completed all his obligations under case 03-34765 when the last payment to the Chapter 13 trustee was tendered to the Chapter 13 Trustee.  Debtor maintains that her plan under 03-17419 was completed prior to September 24, 2007, and the debtor was therefore free to file the instant petition. See also, in this district, In re Edna Phelps, 149 B.R. 537 (N.D.Ill.1993), holding that "completion of payments" under chapter 13 plan is completion of payments by debtor to trustee, as such this will preclude any modifications, In re Drew, 325 B.R. 765 (N.D.Ill.2005), holding that if a debtor has completed his payments, a motion to modify plan to increase dividend to unsecured claimants is barred, In re Casper, 154 B.R. 243 (N.D. Ill.1993), holding that completion of payments occurs when debtor pays to trustee full amount that the plan requires debtor to pay which satisfies the percentage that debtor proposed to pay to class of creditors, also, that when debtor completes payments, there is not a period between that point and point at which bankruptcy court enters order discharging debts within which amendment of plan is possible, rather, bankruptcy court must discharge the debts.

In other districts, see In re Jacobs, 263 B.R. 39 (N.D. NY, 2001), holding that a Chapter 13 debtor has effected a completion of payments when he

completes his obligations under the plan, In re Sounakhene, 249 B.R. 801 (S.D. Calif. 2000), holding that party possesses absolute right to request modification of confirmed Chapter 13 plan between time of confirmation and completion, *and* once plan payments are complete, motion to modify confirmed plan is barred, In re Moss, 91 B.R. 563 (C.D.Calif.1988), once Chapter 13 debtors completed their plan payments…, trustee could no longer obtain modification of plan to increase payments to creditors.

In re: Sidebottom, 430 F.3d 893 (7th Cir. 2005) addresses a similar issue of multiple filings, but is not dispositive here, as the facts are significantly different. In Sidebottom, the debtor had a pending Chapter 7 case in which an adversary had been filed on a debt alleged to be over $500,000.  A discharge had been issued as to the debts other than the disputed one.  Shortly before the adversary hearing on the disputed debt, the debtor filed a Chapter 13 petition, listing the disputed debt as an unknown amount and proposing to pay a total of $3,600.00 into the Chapter 13 plan. Creditor Broyles (plaintiff and adversary movant) moved to dismiss the Chapter 13 case.  The motion was granted by the bankruptcy court on the grounds that the disputed debt exceeded the limit allowed in a Chapter 13 case. The dismissal was taken to the district court, which affirmed the dismissal. The appeal to the Seventh Circuit followed.

The Sidebottom court discussed the filings of Chapter 13 and Chapter 7 (nicknamed "Chapter 20") in the context of dealing with the **same debt** in both petitions. *Sidebottom, 3*. The court noted that there was no *per se*

prohibition against simultaneous filings (quoting *In re Hodurski*, 156 B.R. 353, 355 (Bankr.D. Mass..1993). In its discussion of filing petitions before prior cases had closed, the court cited *In re: Jackson,* 108 B.R. 251, 252 (Bankr.E.D.Cal.1989) "[o]nce a bankruptcy case is filed, a second case which **affects the same debt** cannot be maintained." (emphasis added) *Id*.

    This point is where Sidebottom differs from the case before the court now. The mortgage debtor to MCC was removed from the prior bankruptcy in excess of three months before the current case was filed.  The payoff of the 2003 bankruptcy case never considered the mortgage debt to MCC to be satisfied. That debt was still owing.  Sidebottom states that "there is general agreement that a debtor may not maintain two or more concurrent actions **with respect to the same debts**" (emphasis added). *Id, 4*. Because the debtor's 2003 bankruptcy petition in this case did not address any debts that had been satisfied or were in dispute in the 2003 petition, debtor believes the Sidebottom holding to be inapplicable to the case at bar.

III. Differences between *Sidebottom* and the case at bar

    There are other significant differences. Sidebottom had a debt which the debtor claimed was unliquidated, disputed and of unknown amount.  The plaintiff creditors claimed the debt was over $500,000, and liquidated.  The outcome of the adversary in the Chapter 7 case would have determined how the Chapter 7 trustee was to proceed, if the Broyles' claim were to be determined non-

dischargeable or payable through the Chapter 13 plan. *Sidebottom*, 5.

There is no question in the case at bar as to the nature of the debt, or the amount. The debtor did not dispute MCC's debt in the 2003 case. The amount of the debt also disposes of the issue in Sidebottom of being over the debt limit allowed under Chapter 13. The current plan which will be filed before presentation of this motion shows what debtor believes to be the proper amount of mortgage arrears. No plan payments have yet come due.

IV. Good Faith Factors and "Best Efforts"

The court in Sidebottom listed factors to be taken into account in determining whether a petition had been filed in good faith. These are: "(a) the nondischargeability of the debt; (b) the time of the filing of the petition; (c) how the debt arose; (d) the debtor's motive for filing the petition; (e) how the debtor's actions affected creditors; (f) the debtor's treatment of creditors both before and after the petition was filed; and (g) whether the debtor has been forthcoming with the bankruptcy court…." *Sidebottom*, 5. Applying these factors to the debtor leads to a conclusion that there is no bad faith in the filing or in proposing the Chapter 13 plan. Factor (a) does not apply, as the debtor is not trying to discharge the debt – she is trying to pay the debt. The remaining factors really address Mr. Sidebottom's filing of the Chapter 13 petition just before the adversary hearing on the Chapter 7. However, as applied to the debtor, the factors still come out to a finding of good faith: (b) the petition was filed after payment was completed in 03-34765, (c) the debt arose from mortgage arrears,

Document      Page 11 of 12

not from any potential fraud, (d) the debtor filed the petition to save her residence from foreclosure, not from any desire to avoid paying a debt, (e) the debtor's actions will not deprive the creditor of any amount that it is owed, (f) the debtors have proposed to pay the creditor its full new arrears claim in this case, and the creditor was out of 03-34765 before the plan was completed, and (g) the debtor has disclosed all her prior filings as required by the bankruptcy court.

Pancurak discussed a "best efforts" test for distribution of income to unsecured creditors as the application of all disposable income for 36 months. Pancurak, 176. However, if the goals of the plan are met, and one of those goals is a distribution "to general unsecured creditors consistent with the "best effort"…requirements of the Bankruptcy code. (Citations omitted)  *Id.*  In the case at bar, the debtor paid off pursuant to the confirmed Chapter 13 all of the unsecured debts that had been allowed under 03-34765.  All the goals had been met.

V. Conclusion

The debtor holds by her reliance on Pancurak that her case was completed prior to September 24, 2007, when she tendered her last payment to the trustee, and that the holdings of Sidebottom do not conflict with that reliance. Debtor therefore maintain that her petition in this case was properly filed in good faith, and should be allowed to proceed.  To satisfy creditor MCC's concerns, a default order could be entered, providing for lifting of the stay if there is a two month default to the trustee.

The court should give the debtors this attempt to save her residence from foreclosure. Based on the prior statement they deserve this chance and are allowed it by law.

WHEREFORE, the Debtor, MARY S. PATE, requests that this Honorable Court enter an order:

A) Denying the motion of Mortgage Clearing Corporation to dismiss the present Chapter 13 case with a 180-day bar to re filing;

B) Finding this present Chapter 13 case was properly filed;

C) In the alternative, to enter an appropriate order to assure Mortgage Clearing Corporation of payment of the Trustee payments;

D) And for any further relief this court may deem just and proper.

Respectfully submitted,
MARY S. PATE

/s/Paul M. Bach

By: Paul M. Bach, one of their attorneys

Paul M. Bach
BACH LAW OFFICES
1955 Shermer Rd, Ste 150
Northbrook, IL 60062
847-564-0808
#06209530