**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO. 07 B 17419 |
| MARY S. PATE ) | HON. BRUCE BLACK (Joliet) |
| DEBTORS ) | CHAPTER 13 |

**REPLY OF DEBTOR TO BRIEF IN SUPPORT OF MORTGAGE CLEARING CORPORATION'S MOTION TO DISMISS WITH 180-DAY BAR TO NEW FILING**

NOW COMES, the debtor MARY S. PATE (hereinafter called "Debtor") and in Reply to the Brief of Mortgage Clearing Corporation's (hereinafter called "MCC") Motion to Dismiss with 180-day Bar to New filing and states as follows:

1. The debtor has already filed a substantial response (docket item sixteen) which explains many of the positions of the debtor. A copy of the Response is attached as an Exhibit. The debtor will not attempt to restate these positions but will refer to the Response for ease of the court and will not repeat arguments and case law previously stated.

2. Since the parties last appeared in court the debtor has entered into a Real Estate Contract for the Sale of the real estate which is in dispute in this case. The Motion to Sell Real Estate is noticed for November 9, 2007 (which is also set for confirmation). The Real Estate Contract calls for a closing on November 30, 2007.

3. On October 17, 2007 the debtor attended the meeting of creditors pursuant to 11 USC 341. MCC did not appear at the meeting of creditors. MCC in its initial motion and brief spends lots of time of energy detailing the actions or inactions of the debtor. However,

MCC has an opportunity to appear at the meeting of creditors and examine the debtor on those actions but choose not to take any action. This presents questions of the motives of MCC in opposing this case. This is especially troubling because MCC without any knowledge of the relevant facts alleges that the debtor used the funds for current mortgage payments to payoff the 2003 case. If MCC had bothered to ask or inquire of the debtor of the reasons for the difficulty with the 2003 case MCC would have learned that the debtor has not been able to maintain steady employment and did not obtain a good job until right before the filing of this case. Again these allegations by MCC are without knowledge or any investigation by MCC. MCC also brings up the creditors listed on schedule F in the instant case. If MCC bothered to ask or inquire, MCC would learn that each of those debts was incurred after the 2003 case was filed and for good cause. The debtor would be happy to testify to each of these debts if this matter proceeded to an evidentiary hearing. However, MCC does not know how or why each debt was incurred. MCC instead choose to make baseless allegations. In fact, on October 5, 2007 counsel for MCC orally alleged that the unsecured debts in the instant case were incurred to pay off the 2003 case. This of course is not true; but counsel again made this allegation without any investigation or knowledge of any facts.

4. MCC calls the debtor's actions in this case a "scheme." The debtor has never attempted to do anything except save her home. The real question is if the debtor was not making current mortgage payments why did it take almost THREE years for MCC to file a Motion to Modify Stay. This counsel and MCC's counsel know that most mortgage creditors file Motions to Modify Stay with a typical default of two to four months. A thirty three month default as alleged in MCC's Motion to Modify Stay in the 2003 case is unheard of. Although it is the debtor's responsibility to make payments, MCC suddenly blamed their blatant mistake and oversight in failing to do their job to bring a Motion to Modify Stay on the debtor. This action of MCC, placing entire fault on the debtor, is incredulous. In theory if MCC had taken the logical course of action, the sale would have happened some time ago. But that is not what happened. MCC instead choose to sit on their rights and do absolutely nothing.

5. As stated in the initial response, the 2003 case was complete with the only remaining action required of the Chapter 13 Trustee was to issue a discharge. The debtor did not file the instant case until the audit was completed by the Chapter 13 Trustee's staff. The 2003 case was completed yet MCC will not acknowledge this fact. Of course, if MCC did acknowledge what the case law in the response states, the Motion to Dismiss in and of itself would be in bad faith.

      If anything is clear based on the case law stated in the initial response, the 2003 case was complete and over before September 24, 2007.  On that date the 2003 case was over.  The debtor on September 24, 2007 had no bankruptcy case pending.  The debtor did not have two pending case at the same time.  MCC states the debtor is picking and choosing different provisions of the bankruptcy code.  However, it is MCC that is doing the picking and choosing.  A Chapter 13 case is complete when all payments are complete.  The Chapter 13 Trustee believes that all payments have been made.  MCC would have this court believe that a case is complete when all payments that are outside the plan are made.  In fact, it is only payments inside the Chapter 13 Plan which matter in this situation.  This is the only way the Chapter 13 Trustee could monitor what is and what is not paid.  Completion of a case only has to do with the payments required under the Chapter 13 Plan and it is clear that the payments inside the plan were made prior to filing of this case.

6.    MCC cites <u>Sidebottom</u>, 430 F.3d 893 (7th Circuit) for the proposition that Sidebottom contains a per se rule that "prohibits a Debtor from having more than one bankruptcy case open at any time."  The response contains a long analysis of <u>Sidebottom</u> and the facts and the differences to the case at bar.   MCC states the case law cited by debtor is "non-binding alleged authority."  The problem is of

    course is that the Seventh Circuit and the United States Supreme Court have not dealt with the exact issue before this court in this case or this Motion.   Simply put, <u>Sidebottom</u> is easily distinguishable as <u>Sidebottom</u> was a Chapter 7 then Chapter 13 case where an estate was still open and issues were still being decided in the Chapter 7.  In the case at bar a Chapter 13 was complete and finished before the new Chapter 13 was filed.   Since <u>Sidebottom</u> this court must look how other bankruptcy courts have dealt with this particular issue.

7.     The bankruptcy court for the Southern District of Florida dealt with this exact issue in <u>Refael Sanchez-Dobazo</u>, 343 BR 742 (Bankry.S.D.FL.2006).   The court in that case quotes <u>In re Studio Clothing Stores</u>, 192 BR 998, 1003 (Bankr.C.D.CA.1996), "discharge in the first case would not have any bearing on the single estate problem, because obtaining a discharge or a denial thereof is not the event that dissolves the bankruptcy estate."  The court in <u>Sanchez-Dobazzo</u> would only bar a case where the same asset would be administered simultaneously.  That is in accord with <u>Sidebottom</u> as in <u>Sidebottom</u> the debt was still being dealt with in the same case.  In the case at bar, the stay was modified and the real estate out of the estate but in any case the case was complete and over and there was no estate in the 2003 case when this case was filed.

8. Part of the difficulty in the initial motion brought by MCC was the fact that it did not state the relevant facts that this case had been paid in full before the new case filed. It is the opinion of this counsel that based on allegations of the vague initial motion that the court presumed incorrectly that this case was filed prior to case completion or had been filed in the middle of the 2003 case without any justification. This vagueness alone leading the court to an incorrect assumption based on the Motion filed by MCC led to the court bringing a Rule to Show Cause against the undersigned counsel. MCC now presents detailed statements of when and how much the debtor has paid to the Chapter 13 Trustee at various times. That same information was available to MCC counsel's at the time the initial motion was filed. However, that counsel chose not to include it. Now however, MCC presents very detailed descriptions of what was paid now and then. For the most part, the information and amounts stated are correct but why was this not mentioned before and the fact that case was paid in full not mentioned in the original motion.

9. The debtor in this case has had a series of jobs which have not been steady. At times the debtor has been on unemployment. MCC is correct that the debtor has had an erratic payment record as stated in the Brief. This was caused not by the choice of the debtor but by the flow of income into her household. The debtor

    has attempted to balance her family struggles relating to a divorce, her household needs and the 2003 bankruptcy proceeding.  In the Brief, MCC attempt to belittle the debtor's paying off the 2003 case and obtaining a discharge.  This counsel does not need tell this court how few debtor's actually obtain a discharge.  The debtor's efforts and desire are shown by the details stated by MCC.  The case was dismissed three times and instead of doing the easy thing by refiling (especially because the first dismissal was right before the effective date of BAPCA) and starting from scratch the debtor paid the funds and reinstated the case.  Additionally, the entire arrears of MCC claimed in the 2003 case was paid in full prior to stay modification.

10.     MCC also mentions that the automatic stay was modified in the 2003 case.  That is the remedy which is available to a creditor in that situation.  As stated above it was MCC who did not move to modify stay.  MCC now argues that because the debtor missed one or more mortgage payments in a prior case that fact alone makes the debtor in bad faith in succeeding case.  No support by case law is presented for this proposition.  MCC argues that somehow the confirmed Chapter 13 Plan and 1322 (b)(5) somehow make the debtor in bad faith in a subsequent case.  Yes, those provisions exist in the model Chapter 13 Plan and in fact are in the new Chapter 13 Plan proposed in this case.  However, the penalty for

the debtor in not having made the current mortgage payments lies with having to do this case.  For the court to support such a proposition is a slippery slope.  A review of any Chapter 13 court call will review many Motions to Extend or Impose the Stay under 11 USC 362(c)(3) and (4).  If MCC's argument is taken to their conclusion and if any of those cases were a Chapter 13 which were confirmed and the debtor failed to make any mortgage payments the debtor would be in bad faith.  This is just not the law.  A succeeding case in terms of those provisions in independent from case to case.

11. MCC again states incorrect information when arguing that under Sidebottom the test of good and bad faith.  Debtor is mystified how this case could possibly be a "case study in bad faith" as stated by MCC.

   The first part of the Sidebottom test relates to the availability of the discharge.  First, the debtor will receive a discharge in this case when the case is completed.  MCC is just plain wrong in this statement.  Under the new 11 USC 1328(f)(2) the debtor will receive a discharge in a current case regarding a prior case "if the debtor has received a discharge … (2) a case filed under Chapter 13 of this title during the 2 year period preceding the date of such order."  The 2003 case was filed on August 21, 2003.  This case was filed on September 25, 2007.  The analysis is filing date to

filing date. This is because the cited statute refers the "order for relief" which is accepted to mean filing date. There is no bad faith under this provision.

The second part of the <u>Sidebottom</u> test is the time of the filing of the petition. MCC argues that this relates to the fact that this case was filed right before the foreclosure sale date. However, lots of debtors file right before a sale date and this court does not find any debtor filing a case to attempt to save their home in bad faith. What this provision deals with is the fact that the prior case was complete prior to filing. At no time were two estates open at the simultaneously. As stated in the response the case law makes it clear that the 2003 case was complete. There is no bad faith.

The factor "how the debt arose" is next. The secured debt of MCC contrary to their argument would exist whether the debtor paid the current mortgage payments in the 2003 case or not. The debt to MCC is a secured debt which would not be discharged in any case. There is no support for the argument that the secured debt in this case "arose" in the 2003 case. Consequently, there is no bad faith under this provision.

The fourth item of the <u>Sidebottom</u> test deals with the debtor's motive for filing the petition. As is evident the debtor is seeking to allow exactly what the bankruptcy code allows through Chapter 13 to save her house and its equity from foreclosure. This is exactly

what the plan proposes.  Additionally, the debtor has found a buyer to purchase the house and pay off MCC.  This would happen in accordance with the Real Estate Contract by November 30, 2007. No bad faith exists under this provision as well.

The fifth item of the Sidebottom test is how the debtor's actions affected creditors.  Again MCC makes allegation it has no proof of or evidence of.  MCC alleges the debtor financed this case through obtaining other credit.  Again MCC does not ask or even inquire of the debtor of why this happened.  MCC just makes allegations without any investigation whatsoever.  The effect on the creditors will be good; as they will be provided for in a Plan for payment.  No bad faith exists under this provision as well.

The sixth item again goes in favor the debtor.  MCC repeats a bad argument that the modification of the automatic stay in one case is automatically bad faith in the second case.  MCC has not cited and the undersigned attorney knows of no case law that supports this proposition. Good faith exists under this provision as well.

The seventh part requires the debtor to be forthcoming to the court and creditors.  The debtor attended the first meeting of creditors on October 17, 2007.  MCC did not appear.  One other creditor did appear and the debtor answered all questions and the meeting was concluded by the Chapter 13 Trustee's representative

      Jerry Mylander.  Except for the baseless allegations of MCC there have been no allegations that the debtor has not disclosed anything in her Schedules or Statement of Financial Affairs.  No party to date has objected to Confirmation.  In essence, this case is like any other Chapter 13 proceeding except for MCC making baseless allegations.  There is no bad faith at all in the debtor's actions.

      The test in <u>Sidebottom</u> is again in this debtor's favor.

12. Just prior to the filing of this case the debtor was hired by the company stated on Schedule I at the rate of $75,000.00 per year.  This shows the debtor's good faith.  If the court has any questions of these facts the court should set an evidentiary hearing for the debtor to examined under oath to explain the baseless allegations made by MCC.

13. The debtor in this case would simply like an opportunity to save her home and make the payments under the Chapter 13 Plan.  The first payment is not yet due.  The debtor has already tendered $500 to her counsel toward the $2500 plan payment and the balance of the $2000 will be paid when the debtor is paid on October 26, 2007.

WHEREFORE, the Debtor, MARY S. PATE, requests that this Honorable Court enter an order:

    A)     Denying the motion of Mortgage Clearing Corporation to dismiss the present Chapter 13 case with a 180-day bar to re filing;

  B)  Finding this present Chapter 13 case was properly filed;

  C)  In the alternative, to enter an appropriate order to assure Mortgage Clearing Corporation of payment of the Trustee payments;

  D)  And for any further relief this court may deem just and proper.

        Respectfully submitted,
        MARY S. PATE

        /s/Paul M. Bach

        By: Paul M. Bach, one of their attorneys

Paul M. Bach
BACH LAW OFFICES
1955 Shermer Rd, Ste 150
Northbrook, IL 60062
847-564-0808
#06209530